IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| TERRELL WILLIAMS, | : | |
| Plaintiff, | : | Civil No. 1:16-8980 (RBK) |
| v. | : | **OPINION** |
| CFG HEALTH SYSTEMS, LLC, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon defendant CFG Health Systems, LLC's ("CFG") motion for partial summary judgment. For the reasons set forth in the opinion below, CFG's motion is **GRANTED**, and plaintiff Terrell Williams' ("Williams") professional negligence and medical malpractice claims are dismissed.

**I.     BACKGROUND**

On November 24, 2014, Williams had a surgical debridement to remove dead tissue from a non-healing diabetic ulcer on his left heel. On December 1, 2014, Williams was arrested and became an inmate at the Camden County Correctional Facility ("CCCF"). Williams maintains that he informed the CCCF medical intake staff of his surgery and medical condition. Williams alleges that despite this notification, CFG and other defendants negligently and deliberately failed to take steps to protect his wound from infection. On December 5, 2014, Williams was found unconscious in his cell. He was subsequently transported to Our Lady of Lourdes Medical Center. On December 16, 2014, Williams' left leg was surgically amputated.

Williams filed his complaint (Doc. No. 1) on December 2, 2016. His complaint included claims of professional negligence and medical malpractice. *See* Compl. at Counts I, III, and V. CFG filed its answer (Doc. No. 9) on January 3, 2017. This answer included defenses alleging a failure to state a claim and invoking the protection of New Jersey's Affidavit of Merit statute. Pursuant to N.J.S.A. 2A:53A-26 *et seq.*, Williams had 60 days—until March 4, 2017, to obtain and serve an Affidavit of Merit on CFG. Williams did not do so. Williams could have sought a 60 day extension through May 4, 2017 on application and a showing of good cause. Williams did not do so. As of November 15, 2017, Williams has not served an Affidavit of Merit on CFG.

## II.     STANDARD

### Summary Judgment Standard

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).  In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248.  Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which the jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. ANALYSIS

**Williams' Medical or Professional Negligence Claims Must Be Dismissed For Failure To Comply With The Affidavit Of Merit Statute.**

N.J.S.A. 2A:53A-26 through 29 is commonly referred to as the Affidavit of Merit Statute. It requires that:

> "the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupation standards or treatment practices. The court may grant no more than on additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause."

*Id.* at -27. These two 60 day periods must run consecutively, and they are not to exceed 120 days total from the date the defendant's answer is filed. *Douglass v. Obade*, 359 N.J. Super. 159, 160

(App. Div. 2003) (The "end of the line . . . the drop-dead date, is 120 days."); *see also Familia v. Univ. Hosp.*, 250 N.J. Super. 563, 569 (App. Div. 2002) ("We construe the language 'one additional period' to indicate that the concern of the Legislature was to set an outer time limit of one hundred twenty days."); *Lee v. Thompson*, 163 F.App'x 142, 144 (3d Cir. 2006); *Burns v. Belafsky*, 166 N.J. 466 (2001).

Failure to adhere to the Affidavit of Merit timing requirements "shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29. Unfortunately for Williams, that law is applicable here. Williams did not file an Affidavit of Merit. We are now significantly beyond the 60 or 120 day window. Any claims of malpractice or professional negligence against CFG or the doctors and nurses who evaluated Williams must therefore be dismissed for failure to state a cause of action. *Id.*

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion for partial summary judgment is **GRANTED** and Williams' professional negligence and medical malpractice claims are dismissed.

Dated:   11/17/2017                                              s/Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge